UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TORRES, | ) Case No. CV 12-5375-JFW (RNB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| | ) |
| GARY S. SANDOR, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

On June 20, 2012, petitioner (through counsel) filed a "Preliminary Petition for Writ of Habeas Corpus Pending Exhaustion of State Remedies" herein.[1] As best the Court can glean from the Petition, petitioner is claiming that he received ineffective assistance of counsel in various respects. Concurrently with the Petition, petitioner filed a "Motion for an Order Staying and Abeying Proceedings."

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner

---

[1] The Petition was not submitted on either the current version of the national form appended to the Habeas Rules, or the form currently approved and supplied for habeas petitions by the Central District of California. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); see also Central District Local Rule 83-16.1.

has exhausted the remedies available in the courts of the State.[2] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, although petitioner characterizes his Petition as a "mixed petition" in his stay-and-abeyance motion, there is no indication in either the Petition or the stay-and-abeyance motion that petitioner has ever sought relief from the California Supreme

---

[2] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Court, let alone presented to the California Supreme Court the ineffective assistance of counsel claims currently being alleged in his Petition. Moreover, it does not appear from the California Appellate Courts website that petitioner has ever sought relief from the California Supreme Court. Thus, it appears to the Court that all of the claims alleged in the Petition are unexhausted.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied.[3] See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's claims are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of

---

[3] In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

the stay-and-abeyance procedure authorized by <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir.), <u>cert. denied</u>, 525 U.S. 920 (1998) and <u>Kelly v. Small</u>, 315 F.3d 1063, 1070 (9th Cir. 2004), <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007). The <u>Rhines</u> procedure applies to mixed petitions, and the <u>Kelly</u> procedure applies to fully exhausted petitions. See <u>King v. Ryan</u>, 564 F.3d 1133, 1139-40 (9th Cir.), <u>cert. denied</u>, 130 S. Ct. 214 (2009). The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-<u>Rhines</u> decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed. See <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 949 (2003).

Accordingly, on or before **July 13, 2012**, petitioner is ordered to show cause in writing, if any he has, (a) why petitioner's stay-and-abeyance motion should not be denied and (b) why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED: June 22, 2012

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4